NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianlee.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianlee.com
PATTY W. CHEN, SBN 322922
patty.chen@salisianlee.com
**SALISIAN | LEE LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2924
Telephone:   (213) 622-9100
Facsimile:    (800) 622-9145

MARISA D. POULOS (SBN 197904)
marisa.poulos@balboacapital.com
**BALBOA CAPITAL CORPORATION**
575 Anton Boulevard, 12th Floor
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>D&M TRUCK AND TIRE REPAIR LLC, a Michigan limited liability company; and JEREMY ONEIL, an individual,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF AMERIS BANK D/B/A BALBOA CAPITAL CORPORATION'S COMPLAINT FOR:**<br><br>**1. BREACH OF EQUIPMENT FINANCING AGREEMENT**<br><br>**2. BREACH OF PERSONAL GUARANTY** |

COMPLAINT

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing business as Balboa Capital Corporation, ("Balboa" or "Plaintiff"), alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Ameris Bank d/b/a Balboa Capital Corporation ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital Corporation as one if its divisions, which division has its principal place of business in the State of California, County of Orange.

2. Defendant D&M Truck and Tire Repair LLC ("D&M") is, and at all times relevant to this action was, a Michigan limited liability company with its principal place of business in the County of Wayne, State of Michigan.

3. Defendant Jeremy Oneil ("Oneil") (collectively with D&M, "Defendants"), an individual, is, and at all times relevant to this action was, a resident of the County of Wayne, State of Michigan and was an officer, member, director, agent and/or owner of Defendant D&M. Based on information and belief, including the Driver's License submitted by Oneil to Balboa, Oneil is domiciled in Detroit, Michigan 48204.

4. Plaintiff is informed and believes, and thereon alleges, that Defendant D&M has one manager – Defendant Oneil – who is a citizen of the State of Michigan. Thus, D&M is a citizen of the State of Michigan.

5. Plaintiff is informed and believes, and thereon alleges, that each Defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below. Plaintiff is informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have

1

COMPLAINT

known about the foregoing, and that each Defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

6.  The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

7.  Pursuant to the Equipment Financing Agreement and Personal Guaranty described herein, Defendants agreed those documents would be governed by the laws of the State of California. In addition, the Equipment Financing Agreement provides, in pertinent part, as follows:

> **25. GENERAL.** . . . THIS AGREEMENT SHALL BE GOVERNED BY THE LAW OF THE STATE OF CALIFORNIA. DEBTOR SUBMITS TO THE JURISDICTION OF CALIFORNIA AND [sic] AGRESS THAT THE CALIFORNIA STATE COURTS OF ORANGE COUNTY AND/OR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION, SHALL HAVE EXCLUSIVE JURISDICTION OVER ANY ACTION OR PROCEEDING TO ENFORCE THIS AGREEMENT OR ANY ACTION OR PROCEEDING ARISING OUT OF THIS AGREEMENT.

8.  <u>Jurisdiction</u>.  This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

9.  Specifically, as described above, Balboa is a citizen of the States of Georgia and California; D&M is a citizen of the State of Michigan; and Oneil is a citizen of the State of Michigan. As such, neither D&M nor Oneil is a citizen of California or Georgia, and there exists complete diversity of citizenship between Plaintiff and Defendants. Lastly, as alleged herein, the amount in controversy exceeds $75,000.

10. <u>Venue</u>.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. § 84(c)(3).

11. All officers of Balboa, including all witnesses, and all of Balboa's documents are located in the State of California, County of Orange. The transactions at issue in this Action occurred in the State of California, County of Orange.

## FIRST CAUSE OF ACTION
### (Breach of Equipment Financing Agreement)
### (Against D&M)

12. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

13. Prior to January 2023, Balboa is informed and believes that D&M initiated and engaged with BENLEE, Inc., located at 30383 Ecorse Road Romulus, MI 48174 (the "Equipment Vendor"), in order to coordinate the acquisition and financing of certain equipment (hereinafter referred to as the "Collateral") for its business. The Equipment Vendor worked with D&M in the selection of the Collateral and in coordinating its delivery.

14. Thereafter, Balboa is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated submission of D&M's electronic credit application to Balboa and other financial institutions. Upon review, D&M concluded that Balboa offered agreeable terms to finance the Collateral commensurate with its requirements. Thereafter, the Equipment Vendor accumulated and submitted to Balboa the requisite signatories, documentation and financial information from D&M to finance the Collateral being supplied by the Equipment Vendor.

15. On or about January 19, 2023, D&M executed a certain written Equipment Financing Agreement No. 434636-000 (the "EFA"), under the terms of which Balboa loaned to D&M the sum of One Hundred Twenty-Five Thousand Dollars and Zero Cents ($125,000.00) in order to finance the Collateral for its business. The EFA required D&M to make three (3) monthly payments of $0.00

and fifty-seven (57) monthly payments of $2,917.98, payable on the 1st day of each month beginning March 1, 2023.  A true and correct copy of the EFA is attached as **Exhibit A** and is incorporated here by reference.

16. The last payment received by Balboa was credited toward the monthly payment due for July 1, 2024.  Therefore, on or about August 1, 2024, D&M breached the EFA by failing to make the monthly payment due on that date.  Defendant D&M's failure to make timely payments is a default under the terms of the EFA.

17. In accordance with the EFA, and as a proximate result of D&M's default thereunder, Balboa declared the entire balance of the payments under the EFA to be immediately due and payable to Balboa.  Therefore, there became due the sum of $125,473.14.  These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by D&M.

18. In addition, the terms of the EFA provide that D&M is liable to Balboa for late charges and fees on all payments not made in a timely manner.  As of the date of the filing of Balboa's Complaint, late charges in the sum of $683.52 are now due and owing.

19. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the EFA, except as excused or prevented by the conduct of D&M.

20. As a proximate result of D&M's breach of the EFA, Balboa has been damaged in the total sum of **$126,156.67**, plus prejudgment interest from August 1, 2024, until the entry of judgment herein.

21. Further, under the terms of the EFA, D&M promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA.  Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against D&M.

22. The EFA also provides Balboa the remedy of possession of the Collateral and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining the Collateral and apply the net proceeds from the sale to the remaining loan balance. Alternatively, if possession cannot be had, Balboa is entitled to recover the value of the Collateral.

## SECOND CAUSE OF ACTION

### (Breach of Personal Guaranty)

### (Against Oneil)

23. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

24. Concurrent with the execution of the EFA, and in order to induce Balboa to enter into the EFA with D&M, Oneil guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to Balboa under the terms of the EFA. A true and correct copy of the written Personal Guaranty signed by Oneil (the "Guaranty") is attached as **Exhibit B** and incorporated herein by reference.

25. Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of the Guaranty, except as excused or prevented by the conduct of Oneil.

26. Following a default of D&M under the terms of the EFA, Balboa demanded Oneil make the payments required under the EFA. Oneil failed to meet the Guaranty obligations and make the payments required under the EFA.

27. Pursuant to the terms of the Guaranty, the sum of $126,156.67, plus prejudgment interest from August 1, 2024, is due and payable to Balboa from Oneil. This Complaint, in addition to previous demands, shall constitute further demand upon Oneil to pay the entire indebtedness due and owing from D&M to Balboa under the terms of the EFA.

28. Under the terms of the Guaranty, Oneil promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the EFA and the Guaranty. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Oneil.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Balboa prays for judgment against Defendants, and each of them, as follows:

**On All Causes of Action:**

1. The sum $126,156.67;
2. Prejudgment interest from August 1, 2024 to the date of entry of judgment;
3. Late charges and non-sufficient charges in an amount to be proven at trial;
4. An order to recover possession of the Collateral which is the subject of the EFA, or if the Collateral cannot be delivered, for its reasonable value according to proof;
5. Reasonable attorneys' fees and costs;
6. Costs of suit as provided by law; and
7. Such other and further relief that the Court considers proper.

DATED: February 21, 2025                SALISIAN | LEE LLP

By: _____
Patty W. Chen
Neal S. Salisian
Jared T. Densen

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION