UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:25-cv-00352-SVW-DFM | Date | June 27, 2025 |
|---|---|---|---|

| Title | *Ameris Bank v. D&M Truck and Tire Repair LLC et al.* |
|---|---|

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [17]

## I.  Introduction

Before the Court is Plaintiff Ameris Bank's motion for default judgment against Defendants D&M Truck and Tire Repair LLC ("D&M") and Jeremy Oneil (collectively, "Defendants"). ECF No. 17. For the following reasons, Plaintiff's motion is GRANTED.

## II.  Background

Plaintiff is a state-chartered banking corporation. Compl. ¶ 1. Its principal place of business is based in California. *Id.* Defendant D&M is a limited liability company with its principal place of business in Michigan. *Id.* ¶ 2. Oneil, who is the manager of D&M, is a citizen of Michigan. *Id.* ¶¶ 3-4.

On January 19, 2023, Plaintiff and D&M entered into an Equipment Financing Agreement ("EFA"). *Id.* ¶ 15. Under the EFA, Plaintiff agreed to loan D&M $125,000. *Id.* In exchange, D&M would pay Plaintiff 57 monthly payments of $2,917.98, starting on March 1, 2023. *Id.*; *see also* Declaration of Don ("Ngo Decl.") ¶ 3, Ex. A (Equipment Financing Agreement), ECF No. 17-1. To induce Plaintiff to

:
_____  _____
Initials of Preparer   DTA

UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:25-cv-00352-SVW-DFM | Date | June 27, 2025 |
|---|---|---|---|

| Title | *Ameris Bank v. D&M Truck and Tire Repair LLC et al.* |
|---|---|

agree to the EFA, Jeremy Oneal agreed to guarantee D&M's payments. Compl. ¶ 24; Ngo Decl. ¶ 4, Ex. B.

From March 1, 2023 through July 1, 2024, D&M made its monthly payments. *See* Compl. ¶ 16. But on August 1, 2024, D&M failed to pay. *Id.* Upon D&M's default, Plaintiff requested that Oneal, as the guarantor of D&M's loan, make the August 1, 2024 payment; he did not so. *Id.* ¶ 26. Since D&M's default, neither Defendant has submitted monthly payments to Plaintiff. *Id.* ¶¶ 16, 26.

On February 21, 2025, Plaintiff filed breach of contract claims against Defendant. ECF No. 1. Plaintiff filed proof of service on both Defendants on April 1, 2025. ECF Nos. 11-12. The Court entered default against Defendants on April 22, 2025. ECF No. 15. And on May 29, 2025, Plaintiff moved for default judgment against Defendants. ECF No. 17.

### III. Legal Standard

Courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong public policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986); *see also Elektra Entertainment Group Inc. v. Bryant*, 2004 WL 783123, *1-2 (C.D. Cal. Feb. 13, 2004). "Courts often treat the merits of the plaintiff's substantive claim and the sufficiency of the complaint as the most important *Eitel* factors [such that they can] therefore outweigh the other factors in determining default judgment." *Bob & Me Prods. v. Lemon Leaf Café, LLC*, No. 2:20-cv-00801 VAP-RAOx, 2020 U.S. Dist. LEXIS 207813, 2020 WL 6468406, at *15 (C.D. Cal. Aug. 26, 2020) (citing *Mnatsakanyan v. Goldsmith & Hull APC*, No. CV 12-4358 MMM (PLAx), 2013 U.S. Dist. LEXIS 189380, 2013 WL 10155707, at *10 (C.D. Cal. May 14, 2013)).

:

Initials of Preparer    DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | 8:25-cv-00352-SVW-DFM | Date | June 27, 2025 |
|---|---|---|---|

| Title | *Ameris Bank v. D&M Truck and Tire Repair LLC et al.* |
|---|---|

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided."). "'The court must still consider, however, whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Bob & Me Prods.*, 2020 WL 6468406, at *5 (quoting *Mnatsakanyan*, 2013 WL 10155707, at *2).

### IV.    Discussion

Upon consideration of Plaintiff's Complaint and the materials provided in support of its motion for default judgment, the Court is persuaded that the *Eitel* factors favor granting default judgment.

#### A.    *Eitel* Factor 1: the possibility of prejudice to the plaintiff.

In a default judgment case, prejudice is present where, without default judgment, the plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, because Defendants have not responded to Plaintiff's complaint, default judgment is Plaintiff's only avenue for relief. This factor thus favors default judgment. *See Elektra Entertainment Group, Inc. v. Crawford*, 226 F.R.D 388, 392 (C.D. Cal. 2005) ("Plaintiff would suffer prejudice if the default judgment is not entered because Plaintiff would be denied the right to judicial resolution of the claims presented.").

#### B.    *Eitel* factors 2 and 3: the merits of Plaintiff's claims.

Together, the second and third *Eitel* factors test the allegations in the plaintiff's complaint and whether they state a claim on which the plaintiff may recover. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175. Of all the *Eitel* factors, courts often consider the second and third factors to be "the most important." *Sanrio,*

|  | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | 8:25-cv-00352-SVW-DFM | Date | June 27, 2025 |
|---|---|---|---|
| Title | *Ameris Bank v. D&M Truck and Tire Repair LLC et al.* | | |

*Inc. v. Jay Yoon*, No. 5:10-cv-05930-EFD, 2012 WL 610451, at *3 (N.D. Cal. Feb. 24, 2012); *Fed. Nat. Mortg. Ass'n v. George*, No. 14-cv-01679, 2015 WL 4127958, at *3 (C.D. Cal. July 7, 2015). In evaluating these factors, the well-pleaded allegations of the complaint are taken as admitted. *Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986). Thus, the following analysis assumes the truth of factual allegations in the Plaintiff's complaint.

In this case, Plaintiff brings breach of contract claims against Defendants. Specifically, it alleges that D&M breached the Equipment Financing Agreement, and Oneal breached its agreement to guarantee D&M's payments under the EFA. *See* ECF No. 1.

"The elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).

Plaintiff satisfies these elements. First, there is a contract—the Equipment Financing Agreement and Oneal's agreement to guarantee payments. Ngo Decl. Exs. A, B. Second, Plaintiff has performed under the contract by loaning D&M $125,000. Compl. ¶ 15.

Third, Defendants are in breach. Plaintiff's billing statements show that D&M has not made its payments due under the Equity Financing Agreement since July 2024. Oneal, who agreed to guarantee D&M's payments, also has not made his required payments. Fourth and finally, Plaintiff has suffered damages due to Defendants' breach. Namely, loss of money owed to them by Defendants.

In sum, taking Plaintiff's allegations as true and considering the evidence submitted in support of Plaintiff's motion for default judgment, the Court finds that Defendants breached its contracts with Plaintiff. *Eitel* factors 2 and 3 thus favor default judgment.

|   | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:25-cv-00352-SVW-DFM | Date | June 27, 2025 |
|---|---|---|---|

| Title | *Ameris Bank v. D&M Truck and Tire Repair LLC et al.* | | |
|---|---|---|---|

### C. *Eitel* factor 4: the sum of money at stake in the action.

"Default judgments are disfavored where the sum of money requested is too large or unreasonable in relation to a defendant's conduct." *Constr. Laborers Trust Funds for S. Cal. Admin. Co. v. Anzalone Masonry, Inc.*, 316 F. Supp. 3d 1192, 1201 (C.D. Cal. 2018). "If the sum at money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted." *Walters v. Statewide Concrete Barrier, Inc.*, No. 04-cv-2559, 2006 WL 2527776, at *4 (N.D. Cal. Aug. 30, 2006).

Here, Plaintiff seeks $143,667.18: $125,473.14 in compensatory damages; $11,479.58 in prejudgment interest; $6,109.46 in attorney's fees; and $605 in costs. This amount is plainly proportional to Defendants' conduct. The compensatory damages are simply the amount Defendants owe under the terms of the Equity Financing Agreement; the prejudgment interest is calculated based on the statutory rate of 10% (*see* Cal. Civ. Code § 3298); the attorney's fees are fixed by Local Rule 55-3; and the costs are nothing more than the cost of service on both defendants ($200) and the filing fee for the Complaint ($405). Declaration of Patty Chen ("Chen Decl.") Ex. E. Each category of requested damages stems naturally from Defendants' breach. Accordingly, Plaintiff's requested damages are reasonable and proportionate to Defendants' conduct.

This factor favors default judgment.

### D. *Eitel* factor 5: the possibility of a dispute concerning material facts.

After an entry of default, "all well-pleaded facts in the complaint are taken as true, except those related to damages." *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). "Because Defendant has not made any appearance in this case to contest any of the issues or assert any defenses, it is very unlikely that disputes as to material fact will arise." *Beacon Sales Acquisition, Inc. v. S. W. Solar, Inc.*, No. 2:22-cv-2117, 2022 WL 3574413, at *3 (C.D. Cal. June 7, 2022).

|  | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | 8:25-cv-00352-SVW-DFM | Date | June 27, 2025 |
|---|---|---|---|
| Title | *Ameris Bank v. D&M Truck and Tire Repair LLC et al.* | | |

Moreover, a material dispute is even less likely given the evidence Plaintiff submitted in support of default judgment—namely, copies of the agreements at issue and Defendants' billing statements. From these materials, the Court can plainly see the terms of the Equity Financing Agreement and Oneal's guarantee. It can also see that Defendants breached those agreements by suspending payments in July 2024. There is therefore a low possibility of a dispute of material fact. This factor favors default judgment.

### E. *Eitel* factor 6: whether Defendants' default was the product of excusable neglect.

Defendants were properly served, thus indicating that excusable neglect is not present. *See Bob & Me Prods.*, No. 2:20-cv-00801 VAP-RAOx, 2020 U.S. Dist. LEXIS 207813, 2020 WL 6468406, at *14 (C.D. Cal. Aug. 26, 2020) ("Where the defaulting party is 'properly served with the complaint, the notice of entry of default, as well as the papers in support of the [default] motion,' the failure to defend cannot be attributed to excusable neglect.") (quoting *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001)).

This *Eitel* factor favors default judgment.

### F. *Eitel* factor 7: the strong public policy favoring decisions on the merits.

"Cases should be decided upon their merits whenever reasonably possible. *Eitel*, 728 F.2d at 1472. However, "termination of a case before hearing on the merits is allowed whenever a defendant fails to defend an action." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Thus, this preference is not dispositive of entering default judgment when the other *Eitel* factors favor such. *See id.*

Here, Defendants have not participated, and the other *Eitel* factors favor entering default. Accordingly, a default judgment is warranted here.[1]

---

[1] The Court also concludes that Plaintiff has complied with the procedural requirements of Fed. R. Civ. P. 55(a) and 54(c) and Local Rule 55-1, as required for entry of a default judgment.

|  | : |
|---|---|
| Initials of Preparer | DTA |

| | | | |
|---|---|---|---|
| UNITED STATES DISTRICT COURT | | | JS-6 |
| CENTRAL DISTRICT OF CALIFORNIA | | | |
| CIVIL MINUTES - GENERAL | | | |

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-00352-SVW-DFM | Date | June 27, 2025 |
| Title | *Ameris Bank v. D&M Truck and Tire Repair LLC et al.* | | |

## V.  Conclusion

For the foregoing reasons, the Court GRANTS Plaintiff's motion for default judgment. The Court awards Plaintiff $143,667.18.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | DTA |